UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | | |
|---|---|---|
| DERRICK C. MARTIN, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | CAUSE NO. 1:11cv239 JD |
| | ) | |
| ALLEN SUPERIOR COURT | ) | |
| PRETRIAL SERVICES DEPARTMENT, | ) | |
| | ) | |
| Defendants | ) | |

OPINION AND ORDER

Derrick Martin, filed a complaint against the Allen Superior Court Pretrial Services Department pursuant to 42 U.S.C. § 1983. He alleges that the Defendant violated the Thirteenth Amendment to the United States Constitution and the provision of the Indiana Constitution prohibiting slavery by imposing conditions he had to conform to while on pretrial bond.

This matter is before the court on the Plaintiff's motion for leave to proceed *in forma pauperis*. Pursuant to 28 U.S.C. § 1915, indigent litigants may proceed without prepayment of fees, which prevents poverty from becoming an impediment to the adjudication of legitimate claims in the federal courts. To prevent abusive, captious or meritless litigation, however, federal courts are authorized to dismiss a claim filed *in forma pauperis* if the allegation of poverty is untrue or if the action or appeal is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary damages from an immune defendant. 28 U.S.C. §1915(e)(2).

> While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the "grounds" of his "entitlement to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level, on the

assumption that all the allegations in the complaint are true (even if doubtful in fact). *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quotation marks, ellipsis, citations, and footnote omitted). A complaint must contain sufficient factual matter to "state a claim that is plausible on its face." *Id*. at 570. " A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (citing *Twombly*, 550 U.S. at 556).

The Court must accept as true all well-pleaded facts and draw all permissible inferences in the Plaintiff's favor. *Whirlpool Fin. Corp. v. GN Holdings, Inc.*, 67 F.3d 605, 608 (7th Cir. 1995). However, the Court need not accept as true "threadbare recitals of a cause of action's elements, supported by mere conclusory statements." *Ashcroft*, 129 S. Ct. at 1949. Legal conclusions can provide a complaint's framework, but unless well-pleaded factual allegations move the claims from conceivable to plausible, they are insufficient to state a claim. *Id.* at 1950–51. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Id.* at 1950 (quoting Fed. R. Civ. P. 8(a)(2)). "[D]etermining whether a complaint states a plausible claim is context-specific, requiring the reviewing court to draw on its experience and common sense." *Id*. at 1940.

A plaintiff can also plead himself out of court if he pleads facts that preclude relief. *See Edwards v. Snyder*, 478 F.3d 827, 830 (7th Cir. 2007); *McCready v. Ebay, Inc.*, 453 F.3d 882, 888 (7th Cir. 2006). A plaintiff "pleads himself out of court when it would be necessary to contradict the complaint in order to prevail on the merits." *Tamayo v. Blagojevich*, 526 F.3d 1074, 1086 (7th Cir. 2008). The courts review a *pro se* plaintiff's complaint more liberally than

2

one that was drafted by a trained attorney. *See Erickson v. Pardus*, 551 U.S. 89, 94(2007) (per curiam).

The Plaintiff brings this action pursuant to 42 U.S.C. § 1983, which provides a cause of action to redress the violation of federally secured rights by a person acting under color of state law. *Burrell v. City of Mattoon*, 378 F.3d 642, 646-7 (7th Cir. 2004). To state a claim under § 1983, a plaintiff must allege the violation of rights secured by the Constitution and laws of the United States, and must show that a person acting under color of state law committed the alleged deprivation. *West v. Atkins*, 487 U.S. 42 (1988).

The first inquiry in every § 1983 case is whether the plaintiff has been deprived of a right secured by the Constitution or laws of the United States. *Baker v. McCollan*, 443 U.S. 137, 140 (1979). The Plaintiff's claims that the Defendant's conduct violated a provision of Indiana's Constitution states no § 1983 claim upon which relief can be granted.

Martin alleges that after he was arrested in 2009, the Allen Superior Court set bail for him and referred him to its Pretrial Services Department, which required him to sign a document in which he agreed to certain conditions in order to be released on bail. He alleges that the document the Pretrial Services Department asked him to sign violated the Thirteenth Amendment's prohibition against slavery or involuntary servitude.

The Thirteenth Amendment provides that "[n]either slavery nor involuntary servitude, except as a punishment for crime whereof the party shall have been duly convicted, shall exist within the United States, or any place subject to their jurisdiction." The document the Pretrial Services Department asked the Plaintiff to sign before he could be released on bail does not require him to perform any labor for the Defendant, which has been the traditional touchstone

3

for a Thirteenth Amendment claim. *See U.S. v. Calimlin*, 538 F.3d 706, 716 (7th Cir. 2008). Rather, the terms of the document, as described by the Plaintiff in his complaint, were designed to ensure his presence at trial and to deter him from engaging in illegal behavior while he was on bail (DE 1 at 2-3). Accordingly, the bail agreement described by the Plaintiff does not appear to implicate the Thirteenth Amendment.

But even if the bail agreement did implicate the Thirteenth Amendment, the Plaintiff had the choice whether or not to accept the terms of the release of custody agreement offered him by the Allen Superior Court and its Pretrial Services Department. A showing of compulsion is a prerequisite to proof of involuntary servitude. *Channer v. Hall*, 112 F.3d 214, 217-18 (5th Cir.1997); *Brooks v. George County, Mississippi*, 84 F.3d 157, 162 (5th Cir. 1996). Where a person "has a choice, even though it is a painful one, there is no involuntary servitude." *Brooks*, 84 F.3d at 162. If the Plaintiff believed the terms offered him by the Allen Superior Court and its Pretrial Services Department were so onerous that they constituted involuntary servitude, he could have simply declined to sign the agreement and remained in custody.

For the foregoing reasons, the Court DENIES the Plaintiff's motion for leave to proceed *in forma pauperis* (DE 2), and DISMISSES this complaint pursuant to 28 U.S.C. § 1915e(2)(B)(ii) for failure to state a claim upon which relief can be granted.

SO ORDERED.

ENTERED: July 21, 2011

                                                /s/ JON E. DEGUILIO
                                                Judge
                                                United States District Court